UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINGER VINSINGARDI,

    Plaintiff,

v.

                                        Case No. 12-14974
                                        Hon. Gerald E. Rosen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendant.
_____/

**ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Ginger Vinsingardi commenced this action in state court on October 11, 2012, asserting (i) quiet title, (ii) assignment of mortgage without the note, (iii) unjust enrichment, (iv) breach of implied agreement, and (v) breach of Mich. Comp. Laws 600.3205c arising from the foreclosure sale of a home located in Royal Oak, Michigan. Citing diversity of citizenship, Defendant Federal National Mortgage Association – a corporate citizen of Washington, D.C. – removed the case to this Court on November 8, 2012.  28 U.S.C. § 1332.

    As this Court has discussed at length in rulings issued in other cases, *see, e.g., Phelps v. Nations Star Mortgage LLC,* No. 12-12589, 11/9/2012 Show Cause Order at 2; *Nagy v. Federal National Mortgage Ass'n,* No. 12-14149, 11/9/2012 Show Cause Order at 2, the majority of the initial pleading – covering Counts I, III, and IV – filed in this case by Plaintiff's counsel, Emmett Greenwood, is a cut-and-paste, cookie cutter complaint

that is nearly identical to the complaints Mr. Greenwood has filed in dozens of other cases since the beginning of 2012, and virtually none of these cases has survived dispositive motion practice.

There is no need for this Court to recite at any length the grounds for granting Defendant's motion, because they have been thoroughly and ably stated in prior suits decided against materially indistinguishable backdrops. First, Plaintiff's claim of quiet title is subject to dismissal because it is undisputed that the six-month statutory redemption period with respect to the property at issue expired October 24, 2012, at which point Plaintiff's rights in and title to the property were extinguished. *See Rabbah v. Federal Home Loan Mortgage Corp.,* No. 12-14599, 2013 WL 153729, at *3-*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon,* No. 12-13961, 2012 WL 5379169, at *3-*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.). The fact that Plaintiff filed this suit on October 11, 2012 is irrelevant, as the filing of a lawsuit challenging a foreclosure does not toll the redemption period. *See Overton v. Mortgage Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. App. Ct. May 28, 2009); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 894 (E.D. Mich. 2011).

Plaintiff attempts to avoid dismissal by pleading fraud, which is the only way to undo a foreclosure sale following the redemption period. *Saroki,* 2012 WL 5379169, at *3 ("the mortgagor may undo the [sheriff's sale of the property] *only* by demonstrating fraud or irregularity in the foreclosure proceedings"); *see also Rabbah,* 2013 WL 153729, at *4. However, a plea of fraud must "state with particularity the circumstances

constituting fraud of mistake." Fed. R. Civ. P. 9(b).  This requires that the Plaintiff describe the specific statements made that constitute fraud, identify the speak, specify when and where the statements were made, and explain why the statements were fraudulent.  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

Plaintiff's complaint falls well below the required particularity, stating only (i) "That the Plaintiff's made false and misleading representations of material facts in connection with the loan modification process and status" and (ii) "That the Defendants relied on their material representations, that the loan modification would prevent foreclosure on said property."  Pl.'s Comp. ¶¶ 13, 14.  Plaintiff's simple statement that Defendant's made a false statement upon which he relied to his detriment is insufficient to satisfy the requirements of Rule 9(b).  Consequently, dismissal of Count I is warranted.

Count II of Plaintiff's Complaint – "Assignment of the Mortgage without the Note" – has the distinction of alleging the only original cause of action in Mr. Greenwood's otherwise meritless, cookie-cutter filing.  Plaintiff appears to argue that (i) Defendant breached a duty to provide, upon request, authenticated copies of the promissory note signed by Plaintiff, and (ii) that splitting the mortgage from the note nullifies the assignment and entitles Plaintiff to relief.  But as Defendant correctly points out, neither of these contentions state a claim for relief.  Nothing in Michigan law nor the parties' contract requires Defendant to produce authenticated copies of the promissory note prior to foreclosure, and public records clearly demonstrate the existence of the promissory note in question.  Further, the Michigan Supreme Court has specifically held

3

that the mortgage and note "need not be in the same hands" and that "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). Thus, despite the early promise it showed as a new addition to Mr. Greenwood's standard filing, Count II falls the way of its cookie-cutter brethren and must be dismissed.

Next, Plaintiff's claim of unjust enrichment is subject to dismissal because this implied contract theory of recovery is unavailable where, as here, there is an express contract governing the parties' relationship. *See Rabbah,* 2013 WL 153729, at *4; *Saroki,* 2012 WL 5379169, at *4-*5; *Behnam v. Green Tree Servicing LLC,* No. 12-12303, 8/14/2012 Opinion and Order at 3-4 (Rosen, C.J.). Plaintiff's claim of a breach of an implied agreement also must be dismissed, in the absence of any allegations that would evidence the parties' shared intention to enter into an agreement to modify Plaintiff's loan. *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *5. In the alternative, this claim is subject to dismissal under Michigan's statute of frauds, for lack of any allegation of a signed writing evidencing Defendant's purported promise to modify Plaintiff's loan. *See Rabbah,* 2013 WL 153729, at *5; *Behnam,* No. 12-12303, 8/14/2012 Op. at 4-5.

Finally, Plaintiff's claim of a violation of Mich. Comp. Laws § 600.3205c also must be dismissed. Plaintiff's bare recitation of the requirements of this Michigan statute, followed by the conclusory allegation that Defendant failed to adhere to the statute by

4

failing to modify Plaintiff's mortgage, has been repeatedly deemed insufficient to state a viable claim. *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *6. Moreover, as this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam,* No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation. Plaintiff has failed to plead that he pursued the appropriate steps under the statute to trigger Defendant's obligation to consider his eligibility for a loan modification, and consequently has failed to state a claim on Count V.

For these reasons,

IT IS HEREBY ORDERED that Defendant's November 14, 2012 motion to dismiss **(Dkt. #3)** is **GRANTED**.

**IT IS SO ORDERED.**

                                       s/ Gerald E. Rosen
                                       Gerald E. Rosen
                                       Chief Judge, United States District Court